IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02205-CMA-STV

WINTHROP INTELLIGENCE LLC, and
ROBERT SCOTT BROOKS.

    Plaintiffs,

v.

HARVARD CIDER COMPANY, LLC,
CHASE BROOKS, and
MARK FINNEGAN, JR.,

    Defendants.

SAMUEL C. COPELAND,

    Intervenor.

## ORDER GRANTING INTERVENOR'S MOTION FOR STAY

This matter is before the Court upon Intervenor Samuel C. Copeland's Motion for Stay, Including Resetting of Current Deadlines, and Notice of Bankruptcy Filing for Harvard Cider Company, LLC (the "Motion for Stay"). (Doc. # 76.)

Plaintiffs Winthrop Intelligence LLC ("Plaintiff Winthrop") and Robert Scott Brooks assert claims for breach of fiduciary duty; negligent misrepresentation; fraud; and breach of contract against Defendants Harvard Cider Company, LLC ("Defendant Harvard"), Chase Brooks, and Mark Finnegan, Jr. (Doc. # 27.) Defendants Brooks and Finnegan were two of the co-founders of Defendant Harvard, and were, at the time this

litigation was initiated, the sole members of Defendant Harvard.  (*Id.* at 10.)  Defendants admit all of the allegations in Plaintiffs' Second Amended Complaint but place all blame on another co-founder of Defendant Harvard, Samuel C. Copeland.  (Doc. ## 29–31.)  The Court has permitted Copeland to intervene pursuant to Federal Rule of Civil Procedure 24 and the parties' stipulation (Doc. # 51).  (Doc. # 52.)

On April 24, 2019, Intervenor Copeland filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, Alternatively, to Abstain Based on the Colorado River Doctrine (Doc. # 56) and a Motion to Stay Discovery (Doc. # 58).  United States Magistrate Judge Scott T. Varholak is scheduled to preside over a hearing on Intervenor Copeland's Motion to Stay Discovery on June 26, 2019.  *See* (Doc. # 69.)

On June 10, 2019, Plaintiffs filed a purported Stipulation of Dismissal with Prejudice as to Defendant Harvard.  (Doc. # 74.)  Plaintiffs inform the Court therein that Plaintiff Winthrop filed an involuntary bankruptcy case against Defendant Harvard in the United States Bankruptcy Court for the District of Colorado on June 4, 2019.[1]  (*Id.* at 1); *see* (Doc. # 76-1).  Plaintiffs also inform the Court that they and Defendant Harvard have stipulated that, "pursuant to [Rule] 41(a)(1), all of the claims as specifically alleged by Plaintiff[s] in th[is] Action against [Defendant] Harvard be and hereby are dismissed with prejudice."  (*Id.* at 2.)  Plaintiffs does not indicate the other parties' positions on the Stipulation of Dismissal, in violation of D.C.COLO.LCivR 7.1(a).  *See generally* (*id.*)

The following day, June 11, 2019, Intervenor Copeland filed a Motion to Strike Plaintiffs' Stipulation of Dismissal (Doc. # 75) and the Motion for Stay presently before

---

[1] In violation of D.C.COLO.LCivR 3.2(a), Plaintiffs did not separate file a notice with the Court to inform it of its bankruptcy action.

2

the Court (Doc. # 76.) In the Motion for Stay, Intervenor Copeland asserts that pursuant to Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a)(1), Plaintiffs' filing of an involuntary petition against Defendant Harvard in the Bankruptcy Court on June 4, 2019, automatically stayed all judicial proceedings as to Defendant Harvard—including this action. The Court agrees. The Court therefore will not honor Plaintiffs' Stipulation of Dismissal (Doc. # 74).

As Intervenor Copeland argues (Doc. # 76 at 2–3), this entire action—not just Plaintiffs' claims against Defendant Harvard—should be stayed pending resolution of the bankruptcy proceedings against Defendant Harvard. Though the automatic stay required by Section 362(a)(1) stays only the claims against Defendant Harvard and does not extend to other Defendants and Intervenor Copeland, *see Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994), "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In this case, the Court finds that in the interests of efficiency and economy, this entire action should be stayed until Defendant Harvard can participate in the litigation. *See Rodriguez v. Xtreme Mfg.*, No. 11-cv-0626 MCA/LAM, 2012 WL 12819336, *2 (D.N.M. March 20, 2016) (staying the entire action where bankruptcy proceedings automatically stayed the action as against one defendant). For the reasons Intervenor Copeland outlines in his Motion for Stay, Plaintiffs' claims against Defendant Harvard cannot be disentangled from Plaintiffs' claims against other Defendants. *See* (Doc. # 76 at 2–3).

Accordingly, Intervenor Copeland's Motion for Stay (Doc. # 76) is GRANTED. It is

FURTHER ORDERED that the above-captioned case be STAYED. It is

FURTHER ORDERED that, beginning on September 3, 2019, Plaintiffs shall file a report regarding the status of the bankruptcy case on a quarterly basis, keeping the Court so informed. It is

FURTHER ORDERED that Intervenor Copeland's Motion to Dismiss (Doc. # 56), Motion to Stay Discovery (Doc. # 58), and Motion to Strike Plaintiffs' Stipulation of Dismissal (Doc. # 75) are DENIED AS MOOT.

DATED: June 20, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge