IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-02205-CMA-SKC

WINTHROP INTELLIGENCE, LLC, and
ROBERT SCOTT BROOKS,

    Plaintiffs,

v.

HARVARD CIDER COMPANY, LLC
CHASE BROOKS, and
MARK FINNEGAN, JR.

    Defendants,

SAMUEL C. COPELAND,

    Intervenor.

## ORDER GRANTING INTERVENOR'S MOTION TO STAY [#118]

This Order addresses Intervenor Samuel C. Copeland's ("Copeland") Motion to Stay Discovery ("Motion") [#118] pending resolution of his Motion to Dismiss for Lack of Subject Matter Jurisdiction. District Judge Arguello referred the Motion to the magistrate judge. No party filed a response to the Motion. The Court has reviewed the Motion, the docket, and applicable case law and finds no hearing is necessary. For the reasons below, the Motion is **GRANTED**.

### DISCUSSION

Copeland was granted intervention as a matter of right in this action for the limited purpose of arguing for dismissal or a stay. [#52]. In the Motion, he alleges this is a collusive lawsuit orchestrated by Plaintiffs and Defendants to secure a fraudulent

1

multimillion dollar judgment. [#56]. Neither Plaintiffs nor Defendants filed a response to the Motion.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." The decision to issue a protective order and thereby stay discovery is within the sound discretion of the trial court. *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). But stays are the exception in this judicial district, not the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery."). Thus, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

Upon a showing of good cause, a protective order is appropriate to stay discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Courts consider the propriety of a stay by balancing five factors: (1) Plaintiff's interests in proceeding expeditiously and the potential prejudice to Plaintiffs due to a delay; (2) the burden on the Defendants if no stay is issued; (3) the convenience to the court; (4) the interests of non-parties; and, (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Considering these factors, the Court concludes a stay is warranted.

In their respective Answers to the Amended Complaint, Defendants each admitted nearly every single allegation pleaded by Plaintiffs against them. [#9; #11; #12; *see also* #14 and its proposed Section 4 (Undisputed Facts).] Thus, there apparently is no discovery to be had among Plaintiffs and Defendants because Defendants have confessed the case. As a result, despite Defendants' apparent eagerness to accept judgments against them, the Court finds they will suffer no prejudice from a delay since no discovery (or extremely limited discovery) need be had between Plaintiffs and Defendants. As a result, a stay would neither pose a burden on Defendants nor prejudice Plaintiffs. Nor would it inconvenience the Court since little to no discovery is required based on Defendants' wholesale admissions of the allegations against them. Further, neither Plaintiffs nor Defendants responded to the Motion; therefore, they have claimed no burden or prejudice from a stay. The first, second, and third *String Cheese* factors favor a stay.

In terms of the fourth and fifth factors, Copeland claims "this is a collusive lawsuit in which plaintiffs and defendants conspire to secure a fraudulent multi-million dollar judgment from this Court." [#118 at p.2.] These are serious allegations which, if true, shed light on the oddity of three Defendants each admitting, nearly wholesale, every allegation against them in Plaintiffs' Amended Complaint. Indeed, District Judge Arguello determined good cause <u>did not</u> exist to dismiss Defendant Chase Brooks from the case (after Plaintiffs sought his dismissal) because Copeland's Motion to Dismiss "asserts that Defendant Chase Brooks knowingly participated in a conspiracy to defraud this Court and secure a baseless, multi-million dollar judgment. Accordingly, the Motion to Dismiss

3

Chase Brooks with Prejudice is DENIED so the Court may review the arguments and evidence against Chase Brooks on the merits." [#128.]

The Court finds non-parties and the public have a compelling interest in parties who may file "a collusive lawsuit in which plaintiffs and defendants conspire to secure a fraudulent multi-million dollar judgment from this Court." Thus, staying these proceedings to get to the bottom of the matter pending resolution of the Motion to Dismiss is in the public interest and those of non-parties. The fourth and fifth factors favor a stay.

*     *     *

For good cause shown, the Court GRANTS the Motion to Stay pending resolution of the Motion to Dismiss.

DATED: November 16, 2020.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge