**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-02205-CMA-STV

WINTHROP INTELLIGENCE LLC, and
ROBERT SCOTT BROOKS.

      Plaintiffs,

v.

HARVARD CIDER COMPANY, LLC, and
CHASE BROOKS,

      Defendants.

SAMUEL C. COPELAND,

      Intervenor.

---

**ORDER GRANTING PLAINTIFF WINTHROP INTELLIGENCE LLC'S
MOTION TO WITHDRAW  PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
AND GRANTING INTERVENOR SAMUEL C. COPELAND'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

---

This matter is before the Court on Plaintiff Winthrop Intelligence LLC's

("Winthrop") Motion to Withdraw Plaintiff's Response to Motion to Dismiss for Lack of

Jurisdiction by Intervenor Samuel C. Copeland ("Motion to Withdraw"). (Doc. # 133.)

Therein, Winthrop states that several developments have made pursuing this cause of

action superfluous and moves the Court to allow it to withdraw its Response to

Intervenor Samuel C. Copeland's Motion to Dismiss for Lack of Subject Matter

Jurisdiction (Doc. # 122).

Mr. Copeland opposes the instant Motion to Withdraw, calling it a "transparent (and desperate) attempt to prevent the Court from reviewing and addressing the abundant evidence of the parties' fraud and misconduct . . . ." (Doc. # 135 at 2.) Mr. Copeland requests that the Court deny the Motion to Withdraw, address the merits of his Motion to Dismiss as well as the evidence of the parties' conspiracy to defraud the Court, and allow him to file motions for sanctions and attorneys' fees. The Court finds that Mr. Copeland's opposition to the instant Motion to Withdraw, which would allow him to achieve the relief requested in his Motion to Dismiss, is inconsistent with his previous assertions that the Court lacks subject matter jurisdiction over this action and must dismiss the case. (Doc. # 98.) Accordingly, for good cause shown, Winthrop's Motion to Withdraw is granted, and its Response to Intervenor Samuel C. Copeland's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 122) is withdrawn.

Turning to Intervenor Samuel C. Copeland's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") (Doc. # 17), the Court finds that Plaintiffs have confessed the Motion to Dismiss by withdrawing their Response to the Motion, thereby failing to respond. Pursuant to the Motion to Dismiss, the Court concludes that it lacks subject matter jurisdiction over the instant action because there is no 'case' or 'controversy,' and no adversity of legal interests, among plaintiffs and defendants, as required by Article III of the Constitution. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937) ("The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.") (citation omitted); *see also Lord v. Veazie*, 49 U.S. 251, 255 (1850)

(explaining "there must be an actual controversy, and adverse interests"); Wright & Miller, § 3530 Adversary, Feigned, And Collusive Cases, 13 Fed. Prac. & Proc. Juris. § 3530 (3d ed.) ("The principle remains today that if both parties affirmatively desire the same result, no justiciable case is presented."). Accordingly, the instant action must be dismissed.

With respect to Mr. Copeland's request that the Court retain jurisdiction over this action for the limited purpose of considering motions for sanctions and attorneys' fees, that request is denied. Although a district court may in certain cases award attorneys' fees or impose sanctions after dismissing the underlying action for lack of subject matter jurisdiction, the court requires specific authority to do so. *See, e.g.*, *Willy v. Coastal Corp.,* 503 U.S. 131, 138 (1992) (discussing jurisdiction over motion for sanctions brought pursuant to Fed. R. Civ. P. 11); *Whitmore v. Statguard, LLC*, No. 09-CV-01414-REB-MEH, 2010 WL 3715133, at *2 (D. Colo. Sept. 14, 2010) (exercising jurisdiction over motion for sanctions brought pursuant to statute); *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1057–58 (10th Cir. 2004) (concluding jurisdiction to award attorneys' fees existed pursuant to statute). Mr. Copeland has failed, in both his Motion to Dismiss and his Response to Winthrop's Motion to Withdraw, to provide the Court with any authority that confers jurisdiction over such collateral matters in this case. Absent such authority, the Court declines to retain jurisdiction.

Accordingly, it is ORDERED as follows:

- Winthrop's Motion to Withdraw Plaintiff's Response to Motion to Dismiss for Lack of Jurisdiction by Intervenor Samuel C. Copeland (Doc. # 133) is GRANTED;

- Winthrop's Response to Intervenor Samuel C. Copeland's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 122) is hereby WITHDRAWN;

- Intervenor Samuel C. Copeland's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 117) is GRANTED;

- This action is hereby DISMISSED WITHOUT PREJUDICE pursuant to the Motion to Dismiss;[1] and

- the Clerk of Court is directed to close this case.

DATED: January 28, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[1] In his Motion to Dismiss, Mr. Copeland urges the Court to dismiss this case with prejudice. However, dismissals for lack of jurisdiction must be without prejudice. *See, e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006); *Albert v. Smith's Food & Drug Ctrs., Inc.,* 356 F.3d 1242, 1249 (10th Cir. 2004); *Martinez v. Richardson,* 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore . . . must be without prejudice.").